# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PAUL MERCADO,

                        **Plaintiff,**

-vs-                                       **Case No.  6:07-cv-1238-Orl-19KRS**

**FLORIDA MULCH, INC., WILLARD PALMER,**

                        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PARTIES JOINT NOTICE OF CONFIDENTIAL SETTLEMENT (Doc. No. 18)** |
| **FILED:** | **January 16, 2008** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED** in part.

       This case was brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  *Id*. at 1353.

In reviewing the settlement agreement submitted by the parties, doc. no. 18-2, and the plaintiff's answers to interrogatories, doc. no. 9, it appears that Plaintiff Paul Mercado is receiving an amount in the settlement less than what he initially sought when filing the action.  However, in the parties' joint notice of settlement and motion for approval of the settlement, Mercado provides that after reviewing the defendant's payroll records, under the settlement agreement "he will be paid approximately 90% of his final estimate of wages owed." Doc. No. 18 ¶ 5.  Mercado will also receive liquidated damages in an amount equal to that which he is receiving for unpaid wages.  *Id.* Accordingly, in adding the payment he will receive for unpaid wages to his payment for liquidated damages, Mercado is being paid in full.  When, as here, a case is resolved by payment of the full amount of wages allegedly due under the FLSA, exclusive of liquidated damages, the proposed payment to the plaintiff is necessarily fair.

Accordingly, I respectfully recommend as follows:

1.    The Court find that the amount received by Mercado is a fair and reasonable resolution of a bona fide dispute over FLSA provisions;

2.    The Court dismiss the case with prejudice without reserving jurisdiction to enforce the settlement agreement; and,

     3.       The Court direct the Clerk to close the file after an order of dismissal is entered.

     Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

     Recommended in Orlando, Florida on March 20, 2008.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy